828 P.2d 919

STATE of Idaho, Plaintiff–Respondent,

v.

William L. BRYDON, Jr.
Defendant–Appellant.

No. 18861.

Court of Appeals of Idaho.

April 6, 1992.

Martin R. Ward of Ward, Maguire & Bybee, Pocatello, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## SUBSTITUTE OPINION

The Court's prior opinion dated September 8, 1991, is hereby withdrawn.

SILAK, Judge.

William Brydon pled guilty to one count of possession of a controlled substance with intent to deliver. I.C. § 37–2732(a)(1)(A). He appeals from the judgment of the district court imposing a unified sentence of nine years in the custody of the Board of Correction with a minimum period of confinement of two years. He argues that his sentence is unreasonable and that the district court erred by denying his motion under I.C.R. 35 for reduction of his sentence. We affirm.

The facts of this case may be briefly stated. Brydon was arrested following his

sale of an ounce of cocaine to a confidential informant. The police obtained a search warrant for Brydon's residence, and seized cocaine, drug paraphernalia, and handguns. Brydon was initially charged with delivery of a controlled substance, cocaine, I.C. § 37–2732(a)(1)(A), and with possession of a controlled substance, cocaine, with intent to deliver, I.C. § 37–2732(a)(1)(A). Pursuant to a plea bargain the first charge was dropped. Brydon then pled guilty to the possession charge, and after a sentencing hearing which continued over three days, was sentenced as stated above.

Brydon claims that the court abused its discretion by not granting him a withheld judgment and probation, and by denying his motion for leniency under Rule 35.

■ As to Brydon's attempt to challenge the sentence imposed by the district court, this court is without jurisdiction to review the sentence on direct appeal because of the untimeliness of the notice of appeal. I.C.R. 14 requires that, to perfect a timely appeal from the imposition of judgment and sentence, Brydon's notice of appeal must have been filed within forty-two days of the imposition of sentence on September 22, 1989, or Brydon must have filed, within fourteen days of September 22, 1989, a motion which, if granted, could have affected the judgment, order or sentence.

Brydon failed to comply with these requirements. His notice of appeal was filed on August 1, 1990, more than ten months after September 22, 1989. The Rule 35 motion was filed on November 8, 1989, more than six weeks after entry of the judgment and sentence. Therefore, the appeal did not vest jurisdiction in this Court to review the merits of the judgment of conviction and sentence entered on September 22, 1989.

## REVIEW OF DENIAL OF RULE 35 MOTION

### A. Delay in Deciding Motion

■ Before reaching the merits of the claimed error in the district court's denial of the Rule 35 motion, we must address an issue raised by the state as to whether the district court unreasonably delayed a decision on the motion. This argument is raised by the state for the first time on appeal.

The procedural history of the Rule 35 motion is necessary to understand the state's argument. Brydon filed his Rule 35 motion, as noted above, on November 8, 1989; this motion was timely since it was within 120 days of the imposition of judgment and sentence on September 22, 1989. On January 8, 1990, the district court held a hearing after which the court issued an order denying the motion without prejudice and made a recommendation that Brydon be placed in the South Idaho Correctional Institution or the Community Work Center during the term of his incarceration. On January 25, the district court issued an amended minute entry and order which stated:

> IT IS HEREBY ORDERED that defendant's Motion to Reduce and Modify Sentence be and the same is temporarily denied without prejudice, with the Court allowing the motion to remain pending to allow defendant's counsel to notice up the motion for a new hearing for reconsideration after an appropriate period of time has elapsed, and a written report has been received from the Idaho Department of Corrections.

On June 25, the district court conducted another hearing and then denied Brydon's Rule 35 motion on June 27. The notice of appeal from the denial order was timely filed on August 1, 1990.

The state argues on appeal that the district court was without jurisdiction to act on the Rule 35 motion on June 27, 1990, because it failed to act within a reasonable period of time following the imposition of judgment and sentence. The state argues that nine months from judgment and sentence is an unreasonably lengthy period and amounts to an invasion of the executive function of the Commission of Pardons and Parole.

In *State v. Chapman*, 121 Idaho 351, 825 P.2d 74 (1992), our Supreme Court recently addressed a district court's delay in ruling on a Rule 35 motion. In *Chapman*, the

Supreme Court held that if the trial court does not rule upon the Rule 35 motion within a reasonable time after the expiration of the 120–day period of Rule 35, the trial court loses jurisdiction to decide the motion. *Id.*, at 76–77. However, a district court does not lose jurisdiction merely because the 120–day period expires before the judge reasonably can consider and act upon the motion. *Id.; see also State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct.App.1984).

As noted above, Brydon filed a timely Rule 35 motion on November 8, 1989. The district judge heard the motion on January 8, 1990, and essentially took the motion under advisement at that time, awaiting additional reports on Brydon's progress from the Department of Corrections. The district court conducted another evidentiary hearing on June 25, 1990, and finally denied the motion on June 27, 1990, approximately five months after the motion was initially heard.

In *Chapman*, the Supreme Court noted: The 120–day time limitation serves two policies: it protects judges against repeated importunities by those sentenced and it ensures that the court does not usurp the responsibilities of parole officials by retaining jurisdiction indefinitely and acting on the motion in light of the movant's conduct in prison.

*Id.*, at 76, *quoting United States v. Smith*, 650 F.2d 206, 208–209 (9th Cir.1981). Neither of these policies is put at issue by the facts of this case. Brydon did not abuse the judicial system by repeatedly importuning the court for leniency. Nor did the district court's delay in ruling on Brydon's motion usurp the responsibilities of parole officials. On September 22, 1989, Brydon was sentenced to a unified term of nine years confinement with two years fixed. The district court ruled on Brydon's Rule 35 motion on June 27, 1990, more than a year before Brydon was even eligible for consideration for parole. Under the facts of this case, we cannot say that the five-month delay in ruling on the motion after the initial hearing on January 8, 1990, was unreasonable, particularly because the dis-

trict court was awaiting additional reports on Brydon's progress while incarcerated. See *Chapman*, at 76: "Jurisdiction is not lost ... at least so long as the judge reasonably needs time to consider and act upon the motion," *quoting United States v. Stollings*, 516 F.2d 1287, 1288 (4th Cir. 1975). The district court had jurisdiction to consider and decide the Rule 35 motion.

B. Merits of Rule 35 Denial

 The decision whether to reduce a sentence rests within the sound discretion of the trial court. *State v. Swan*, 113 Idaho 859, 861, 748 P.2d 1389, 1391 (Ct. App.1988). A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the court; such a motion is essentially a plea for leniency which may be granted if the sentence imposed was unduly severe. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). The burden of showing that the original sentence was unduly severe is upon the moving party. *State v. Wright*, 114 Idaho 451, 453, 757 P.2d 714, 716 (Ct.App.1988).

Brydon has presented us with no convincing evidence that his sentence is unduly severe. The district court conducted a lengthy sentencing hearing at which three witnesses, including the confidential informant, testified for the state, and twelve witnesses testified in mitigation. Witnesses for the state testified as to the facts surrounding the cocaine transaction which ultimately led to Brydon's guilty plea, while defense witnesses generally testified as to Brydon's progress in drug treatment since his arrest, and their belief that prison would not benefit him. Brydon also made a statement to the court in which he stated that he had been a drug addict since he was 14 or 15 years old, that he disputed some of the informant's testimony, and that he apologized to the court and the people of Pocatello for his criminal conduct.

The district court carefully considered the testimony at the hearing and the presentence investigation report. In its sentencing comments the court evidenced an understanding of Brydon's individual characteristics and his possibility of rehabilitation. The court also stated that to place a

serious drug trafficker on probation would send an inappropriate message to others who are involved in drug trafficking. The court noted, too, the requirement that the seriousness of the crime not be depreciated. Based upon our review of the record we conclude that the sentence was reasonable and that the court did not abuse its discretion.

In considering the Rule 35 motion, the court heard argument from counsel for Brydon and the state, and a statement from Brydon, and reviewed the progress report from the Department of Corrections. Although the evidence presented indicated that Brydon's behavior and attitudes were good, and that he was taking advantage of the programs offered at the Idaho State Correctional Institution, the district court decided not to reduce the sentence imposed because of the magnitude and seriousness of the crime. In so deciding, the court did not abuse its discretion.

For the reasons stated above, we affirm the order denying Brydon's motion under Rule 35 for reduction of sentence.

WALTERS, C.J., concurs.

SWANSTROM, J., concurs in the result.