855 P.2d 56

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Warren NICKERSON, Defendant–Appellant.**

**No. 20090.**

Court of Appeals of Idaho.

June 15, 1993.

Gregory A. Jones, Kootenai County Public Defender, Joel K. Ryan, Deputy Public Defender, Coeur d'Alene, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order reducing the sentence previously imposed upon a felony conviction for driving while under the influence of alcohol. I.C. §§ 18–8004 and 18–8005(3).[1] The original sentence included a fixed term of five years in the custody of the Board of Correction, a fine of $5000 and suspension of the defendant's driving privileges for a period of five years following his release from incarceration. The district court subsequently modified the sentence upon motion of the defendant under I.C.R. 35[2] by reducing the fixed

---

1. Following the conviction in this case, I.C. § 18–8005(3) was renumbered and currently appears as I.C. § 18–8005(5).

2. Idaho Criminal Rule 35 provided at the time: The court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed or within 120 days after the court releases retained jurisdiction. The court may also reduce a sentence upon revocation of probation as provided by law. Motions to correct or modify sentences under this rule must be filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction and shall be considered and determined by the court without the admission of additional testimony and without

term of incarceration to a period of one and one-half years, with the remaining balance of three and one-half years imposed as an indeterminate term. The defendant, Warren Nickerson, appeals from that order, contending the district court abused its discretion by not releasing him on probation rather than merely reducing the length of the term to be served as a minimum period of confinement. We affirm.

The instant proceeding is a sequel to the direct appeal taken by Nickerson from his judgment of conviction, *State v. Nickerson*, 121 Idaho 925, 828 P.2d 1330 (Ct.App.1992). The existence of these two appellate proceedings has caused the state, as respondent, to question the jurisdiction or authority of the district court to entertain and grant in any respect Nickerson's motion to reduce his sentence. The background for this inquiry is as follows.

After being charged in January, 1991, with felony DUI, Nickerson entered a conditional plea of guilty, reserving the right to appeal the district court's order that his prior DUI convictions were valid for enhancement purposes. On July 25, 1991, the judgment of conviction imposing the five-year sentence was entered. The next day, Nickerson filed a Rule 35 motion for reduction of sentence. This was followed by another motion jointly made by Nickerson's counsel and the deputy prosecuting attorney "to hold the proceedings on defendant's pending I.C.R. 35 Motion in abeyance pending the outcome of defendant's appeal." The court entered an order granting this joint request, and Nickerson thereafter timely appealed from the judgment of conviction. The judgment was upheld on appeal, *State v. Nickerson, supra,* and remittitur was issued on April 27, 1992.

On June 15, 1992, the district court ordered Nickerson's sentence into execution. Then, after a hearing on Nickerson's Rule 35 motion, the court issued an order on July 10 reducing the fixed portion of Nickerson's sentence from five years to one and one-half years. Nickerson subsequently brought the instant appeal.

Against this backdrop, the state challenges the propriety of the order modifying Nickerson's sentence.[3] The state poses two arguments. First, the state points out that, at one time, Rule 35 gave the district court jurisdiction to reduce a sentence not only within 120 days after the imposition of a sentence, but also within 120 days after a final decision upholding a sentence has been entered following an appeal. However, by amendment effective July 1, 1986, the provision allowing consideration of a motion filed to reduce a sentence after appeal was removed from Rule 35. The state asserts, therefore, that the process utilized here to hold in abeyance the consideration of the motion to reduce Nickerson's sentence, pending disposition of his appeal, was an attempt to give the district court jurisdiction to do something which as of July 1, 1986, was no longer permissible.

The other argument made by the state in its challenge to the jurisdiction of the district court is based on the Idaho Supreme Court's recent ruling in *State v. Chapman*, 121 Idaho 351, 825 P.2d 74 (1992). In *Chapman*, the Court held that a trial court loses jurisdiction to determine a timely filed Rule 35 motion "if the trial court does not rule upon the Rule 35 motion within a reasonable time after the expiration of the 120-day period" within which the motion may be filed. 121 Idaho at 354, 825 P.2d at 77. The state submits that, because no action was taken on Nickerson's motion to reduce his sentence for approximately one year while the appeal from the judgment proceeded, an unreasonable length of time expired and the district court consequently lost jurisdiction.

oral argument, unless otherwise ordered by the court in its discretion; provided, however that no defendant may file more than one motion seeking a reduction of sentence under this Rule.

**3.** The state did not appeal, in its own right, from the order modifying Nickerson's sentence; nor did the state raise any question to the district

court concerning the court's jurisdiction to reconsider Nickerson's sentence. Instead, the state levies its attack for the first time, in this appeal, under the doctrine that jurisdictional errors may be raised for the first time on appeal. *See State v. Salsgiver,* 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987).

■ We are not persuaded by either of these arguments. We can appreciate the dilemma confronting Nickerson at the time he filed his motion to reduce his sentence. The motion had to be filed within 120 days after the judgment of conviction was entered. But he also desired to appeal from the judgment of conviction and, under the provisions of Rule 35 then in force, he could not file a Rule 35 motion for reduction after completion of the anticipated appeal. His ultimate hope, obviously, was that the judgment of conviction would be set aside on direct appeal, which would render the question of a reduction of his sentence moot. He was joined in this process by the deputy prosecuting attorney. Notwithstanding the joint action by the attorneys for the parties, the district court was not bound to delay a decision on the Rule 35 motion. Under I.A.R. 13(c)(11), the district court had the authority to decide the motion while the appeal from the judgment was pending. Nevertheless, the court cooperatively acceded to the parties' desire not to have the motion determined until after the appeal was resolved. We do not view the court's action as a violation of the provisions of Rule 35 which would have deprived the district court of jurisdiction to decide Nickerson's motion.[4]

■ We also reject the state's argument that the district court lost jurisdiction under the *Chapman* rule. That case specifically noted that the extended time—a period of two years while the district court there held the motion to reduce sentence under consideration—was unreasonable per se because it infringed upon the constitutional duties of the parole commission to determine whether Chapman should be released from confinement to probation. Here, on the defendant's application, the district court entered an order staying execution of the judgment and sentence pending appeal. Consequently, the Board of Correction did not obtain immediate custody of Nickerson. In other words, while the appeal was pending the judgment of conviction was abated; the delay in time to the point when the motion to reduce ultimately was decided resulted from invocation of the appellate process; and there was no infringement by the court upon the authority or role of the Board of Correction because custody of Nickerson was not given to the Board until *after* the appellate process was completed. Furthermore, the sentence was ordered into execution on June 15, 1992, and by July 10 the district court had acted on Nickerson's motion. We hold that this action occurred within a reasonable period of time under the circumstances of this case. It follows that the district court did not lose jurisdiction to act on Nickerson's Rule 35 motion.

■ Having resolved the concerns voiced by the state, we turn to the merits of the instant appeal. As noted earlier, Nickerson argues that the district court abused its discretion in granting relief under Rule 35 by choosing to reduce the period of time Nickerson must spend in the custody of the Board of Correction before he can be considered for parole, instead of releasing

4. From our experience with appellate review of other criminal cases, it appears that the procedure employed in this case to invoke the benefit of Rule 35 but to delay resolution until the direct appeal from a judgment of conviction was completed is not unique but has been utilized in the trial courts in other cases. For the edification of the bench and bar who are not privy to unpublished orders we have issued in other appeals, it is the practice of this Court to enter a temporary remand order under I.A.R. 13.3, requiring the district court to act on a pending Rule 35 motion, before we proceed further with an appeal when the appeal raises a question concerning the propriety of a sentence imposed. (In Nickerson's earlier appeal, he did not raise any issue with regard to his sentence but only attacked the underlying foundation for the conviction, asserting that his prior convictions for DUI were invalid.) We hesitate to review a sentence, on direct appeal, which may be modified later under Rule 35; rather it seems more expedient—from an appellate court's standpoint—and a wiser use of judicial resources that review of a modified sentence should be conducted as part of the direct appeal from the judgment of conviction. Thus, to facilitate appellate review of sentences imposed in criminal cases, we encourage counsel for both parties to search the record and to bring to our attention the existence of pending Rule 35 motions so those motions can be determined and then reviewed in a single appellate proceeding encompassing both the sentence ultimately ordered and the disposition made of the Rule 35 motion.

Nickerson on probation as he requested at the hearing on his motion. Our standards for reviewing the discretionary decision of a sentencing court with respect to relief sought under I.C.R. 35 are well settled. *See, e.g., State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991). In short, the lower court's decision on a motion for reduction of a sentence will not be disturbed unless we are convinced from the record of the proceedings before the sentencing court that the court abused its discretion. *State v. Wright,* 114 Idaho 451, 757 P.2d 714 (Ct.App.1988).

It is clear in this case that the court below determined that Nickerson should serve some period of incarceration in the custody of the Board rather than simply be accorded a probationary program. Initially, the court ordered Nickerson incarcerated for five years, then, upon exercising leniency, the court decided that one and one-half years would be appropriate. We have not been provided with a transcript of the original sentencing proceeding so we are without the benefit of the court's reasons for concluding that a sentence to the custody of the Board was warranted. However, the presentence investigation report prepared for Nickerson's sentencing has been submitted as part of the appellate record. It shows that the instant offense is Nickerson's eighth DUI arrest and his fourth conviction for that crime in five years. Disposition on those charges included fines, jail time and probation. Prior probation programs were unsuccessful due to intervening arrests for the same criminal conduct. From the limited information presented to us, we conclude that the district court did not abuse its discretion in refusing to release Nickerson on probation once again. *See State v. Schorzman,* 122 Idaho 201, 832 P.2d 1136 (Ct.App.1992); *State v. Jardin,* 121 Idaho 1030, 829 P.2d 1379 (Ct.App.1992); *State v. Rundle,* 107 Idaho 936, 694 P.2d 400 (Ct.App.1984).

The reduction of Nickerson's sentence to require his incarceration with the Board of Correction for a minimum of one and one-half years is not unreasonable. Accordingly, the order modifying Nickerson's sentence is affirmed.

SWANSTROM and LANSING, JJ., concur.