892 P.2d 493

**Warren NICKERSON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21441.

Court of Appeals of Idaho.

April 6, 1995.

Jonathan B. Hull, Kootenai County Public Defender; Andrew Mankowski, Deputy Public Defender, Coeur d'Alene, for appellant.

Alan G. Lance, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order dismissing an application for post-conviction relief. The application questioned the authority of the Commission on Pardons and Parole to retain a sentenced defendant in confinement beyond the expiration of the minimum period specified by the district court when the sentence was imposed under the Unified Sentencing Act, I.C. § 19–2513. We affirm the order dismissing the application on the ground that the application did not allege any basis for post-conviction relief.

The appellant, Warren Nickerson, was sentenced to the custody of the Board of Correction for a fixed term of five years for felony DUI. After the judgment of conviction was upheld on a direct appeal, *State v. Nickerson*, 121 Idaho 925, 828 P.2d 1330 (Ct.App.1992), the district court modified Nickerson's sentence. The minimum term of confinement was reduced from five years to eighteen months, with the balance of the five-year sentence remaining as an indeterminate term. The modified sentence was also affirmed on appeal. *State v. Nickerson*, 123 Idaho 971, 855 P.2d 56 (Ct.App.1993).

Nickerson commenced serving his sentence on June 30, 1992. After serving approximately fourteen months, Nickerson was given a hearing by the Parole Commission on September 24, 1993. At the conclusion of the hearing, the Commission gave Nickerson a tentative parole date of September 21, 1995. On April 15, 1994, Nickerson filed an application with the district court for post-conviction relief. He asserted that the Parole Commission's decision to give him a parole date that was nineteen months and twenty-one days after expiration of the minimum period of confinement ordered by the court "extend[ed] the powers of the parole commission to exceed that of the sentencing judges." For relief he asked that his sentence be reduced to two years, possibly with release on probation.

The district court dismissed Nickerson's petition on the ground that the allegations in the application did not provide a basis for post-conviction relief. Prior to entry of the dismissal order, the district court issued a notice of intent to dismiss the application, under I.C. § 19–4906. This notice recited:

> Nickerson has moved for post-conviction relief premised upon the Parole Commission's failure to parole him upon his completion of the determinate portion of his sentence, the first one and one half years. Nickerson asserts that he is a model prisoner, has a viable parole plan, has been attending A.A. meetings on his own and has not been requested to participate in any prison rehabilitative programming. Nickerson contends that his continued incarceration is violative of this court's sentencing wishes.
>
> Accepting Nickerson's contentions as true, they provide him with no basis for relief. Nickerson's sentence was reviewed and upheld on direct appeal in *State v. Nickerson*, 123 Idaho 971, 855 P.2d 56 (1993). The sentence as imposed made Nickerson "parole eligible" after he had served the first one and one half years of his sentence. Parole after that time would be up to the Parole Commission. *I.C. § 20–223.*
>
> Nickerson cites no authority for the proposition that the Parole Commission *must* grant him parole or that its failure to do so justifies post-conviction relief. The facts and materials submitted by Nickerson are sufficient to provide a factual basis for the Parole Commission's decision. *Ybarra v. Dermitt*, 104 Idaho 150, 657 P.2d 14 (1983). [Emphasis in original.]

Nickerson has appealed from the order dismissing his application for post-conviction relief in an effort to challenge the authority of the Parole Commission to decide that a prisoner should not be released on parole until a point in time after the expiration of the minimum period of confinement ordered by a sentencing judge.

In the proceeding before the district court, Nickerson contended that the Parole Commission's decision to retain him in confinement for a period longer than the minimum term ordered by the sentencing judge contravened the decision of a majority of the Court of Appeals set forth in the special concurring opinion in *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). The concurring opinion in *Young* suggested that a sentence may be found unreasonable if the period of incarceration was extended by the Parole Commission beyond the minimum period of confinement ordered by the sentencing judge, where the extension was an arbitrary enhancement of the minimum term by prison authorities on the ground that the crime fell within a certain class of cases. The opinion, however, recognized that the unique discretion of the Parole Commission permitted it to determine, on an individual basis, when a prisoner may safely be released on parole pursuant to I.C. § 20–223. 119 Idaho at 513, 808 P.2d at 432. Until shown otherwise, the appellate court will presume that the Commission is administering unified sentences as intended by the Unified Sentencing Act. *Id.*

In the present case, there is nothing in the record to establish that the Commission's decision to delay parole was based on the class of Nickerson's crime. Consequently, the specially concurring opinion in *Young* fails to lend any support to Nickerson's claim that he was entitled to post-conviction relief as a result of the Parole Commission's action.

Idaho Code § 19–2513, the Unified Sentencing Act, provides in relevant part that the sentencing court shall sentence the offender to the custody of the state board of correction. The statute then recites:

> The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody.... During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service. The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence.

The determination of whether an inmate has served a commensurate amount of his sentence such that he is eligible for parole rests with the Department of Corrections, not with the sentencing judge. *State v. Sherman*, 120 Idaho 464, 466, 816 P.2d 1021 (Ct.App.1991); *Vittone v. State*, 114 Idaho 618, 759 P.2d 909 (Ct.App.1988). This Court previously has noted:

> [T]he Unified Sentencing Act ... gives the sentencing judge the power to determine the length of time to be served in confinement before parole eligibility. Consequently, when the minimum period specified by the judge has been served, the individual becomes parole-eligible. He may be released on parole at any time thereafter, during the indeterminate portion of the sentence, when the Commission of Pardons and Parole determines that he "no longer poses a threat to the safety of society" and such action would be in "the best interests of society," I.C. § 20–223 (as amended concurrently with the Unified Sentencing Act). .

*State v. Knight*, 114 Idaho 923, 924–25, 762 P.2d 836, 837–38 (Ct.App.1988).

The statutory scheme in Idaho is similar to the federal system discussed in *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). There the United States Supreme Court had occasion to review a claim very much like the one raised by Nickerson. The decision in *Addonizio* contains the following recitals:

> Three prisoners have alleged that a postsentencing change in the policies of the United States Parole Commission has prolonged their actual imprisonment beyond the period intended by the sentencing judge. The question presented is whether this type of allegation will support a collateral attack under 28 USC § 2255 [providing for federal post-conviction proceedings]. We hold that it will not.
>
> .    .    .    .    .
>
> The decision as to when a lawfully sentenced defendant shall actually be released has been committed by Congress, with certain limitations, to the discretion of the Parole Commission. Whether wisely or

not, Congress has decided that the Commission is in the best position to determine when release is appropriate, and in doing so, to moderate the disparities in the sentencing practices of individual judges. The authority of sentencing judges to select precise release dates is, by contrast, narrowly limited: the judge may select an early parole eligibility date, but that guarantees only that the defendant will be considered at that time by the Parole Commission. . . .

The import of this statutory scheme is clear: the judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met. To require the Parole Commission to act in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not the courts. Nothing in § 2255 supports—let alone mandates—such a frustration of congressional intent.

Accordingly, without reaching any question as to the validity of the Parole Commission's actions, either in promulgating its new guidelines or in denying Addonizio's applications for parole, we hold that subsequent actions taken by the Parole Commission—whether or not such actions accord with a trial judge's expectations at the time of sentencing—do not retroactively affect the validity of the final judgment itself. The facts alleged by the prisoners in these cases do not provide a basis for a collateral attack on their respective sentences pursuant to § 2255.

*United States v. Addonizio,* 442 U.S. at 179, 188–90, 99 S.Ct. at 2237, 2242–43.

We conclude that the district court below correctly decided that Nickerson was not entitled to any relief upon the allegations in his post-conviction application. Accordingly, the order dismissing the application is affirmed.

LANSING and PERRY, JJ., concur.