953 P.2d 636

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Darrell K. SIMPSON, Defendant–Appellant.**

**No. 23645.**

Court of Appeals of Idaho.

Feb. 24, 1998.

Randall D. Schulthies, Bannock County Public Defender, Pocatello, for defendant-appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

SCHWARTZMAN, Judge. ·

Darrell K. Simpson pled guilty to two counts of forgery, I.C. §§ 18–3601, –3604. On June 12, 1995, the court imposed concurrent unified twelve-year sentences, with two years fixed and credit for eighty-one days served. Simpson filed a timely notice of appeal from the judgment of conviction.[1] Simpson also filed *pro se* motions for appointment of counsel and for reduction of his sentence pursuant to Idaho Criminal Rule 35 on August 29, 1995. A pro tem district judge appointed the public defender to represent Simpson, and on January 6, 1997, a new district judge denied Simpson's Rule 35 motion after a hearing. Simpson again appealed, asserting that the district court's denial of his Rule 35 motion was an abuse of discretion.

At the outset, we address the state's claim that the district court lost jurisdiction when it waited over fifteen months before issuing a decision on Simpson's motion. Rule 35 provides that "[t]he court may reduce a sentence within 120 days after the filing of a judgment of conviction or within 120 days after the court releases retained jurisdiction...." Under certain circumstances, both this Court and the Idaho Supreme Court have declined to strictly construe the 120–day limitation, holding that a trial court must rule upon a Rule 35 motion within a *reasonable* time after the 120–day period expires. *See State v. Chapman,* 121 Idaho 351, 354, 825 P.2d 74, 77 (1992); *State v. Maggard,* 126 Idaho 477, 479–80, 886 P.2d 782, 785–86 (Ct.App.1994). Delays ranging from five months to one year after the expiration of the 120–day period have been deemed reasonable, while delays ranging from eight months to two years have been deemed unreasonable. *See Chapman,* 121 Idaho at 354–55, 825 P.2d at 77–78 (two-year delay in issuing a decision on a Rule 35 motion is unreasonable); *State v. Day,* 131 Idaho 184, 953 P.2d 624 (App.1998) (nine-month delay awaiting resolution of direct sentence appeal is unreasonable absent some other legitimate explanation);[2] *Maggard,* 126 Idaho at 479–80, 886 P.2d at 784–85 (eight-month delay without any further action is unreasonable absent explanation for the delay); *State v. Nickerson,* 123 Idaho 971, 974, 855 P.2d 56, 59 (Ct.App.1993) (one-year delay reasonable where execution of sentence stayed and all parties, including trial court, agreed to hold Rule 35 motion in abeyance pending outcome of the defendant's direct appeal); *State v. Brydon,* 121 Idaho 890, 892, 828 P.2d 919, 921 (Ct.App.1992) (five-month delay reasonable where the delay was caused by trial court's stated need for additional information before ruling on the motion). However, in order for this Court to determine the reasonableness of a delay, a defendant must explain or identify some legitimate cause for the delay. The delay must not violate the policies served by the 120–day time limit, including protecting judges from

---

1. On April 22, 1996, Simpson's direct appeal was voluntarily dismissed on motion stating, "Appellant no longer desires to pursue this appeal."

2. We emphasized therein that when a Rule 35 motion is filed, it will of necessity become the responsibility of defense counsel to precipitate action on the motion within a reasonable time frame, or otherwise provide an adequate record and justification for the delay, in order to avoid the risk of the trial court losing jurisdiction.

repeated pleas by those sentenced and ensuring that the court does not usurp the responsibilities of parole officials by acting on the motion in light of the movant's conduct while in prison. *Chapman,* 121 Idaho at 353, 825 P.2d at 76, *quoting United States v. Stollings,* 516 F.2d 1287, 1288 (4th Cir.1975).

Here, the record is silent as to the basis for the district court's delay in deciding Simpson's motion. It does appear, however, that the district judge who was sitting at the time Simpson filed his motion was succeeded in office by a different judge and that it was the latter who eventually ruled on Simpson's motion. Under different circumstances, this explanation might be sufficient for this Court to consider the sixteen-month delay to be reasonable. *See State v. Torres,* 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct.App.1984) (the consequences of a delay caused in part by the retirement of the original sentencing judge should not be visited upon the defendant). However, Simpson had almost completely served the fixed portion of his sentence and would soon be parole-eligible at the time the district court ruled on his motion. Under such circumstances, where the court's assertion of jurisdiction would infringe upon the authority of the Board of Pardons and Parole, we are constrained to agree that the district court lost jurisdiction to act upon Simpson's Rule 35 motion.

Accordingly, we affirm the district court's order denying Simpson's Rule 35 motion on the ground that the district court lacked jurisdiction to rule on the motion.

LANSING, C.J., and PERRY, J., concur.