21 P.3d 936

STATE of Idaho, Plaintiff–Appellant,

v.

Bradley D. TRANMER, Defendant–Respondent.

No. 26607.

Court of Appeals of Idaho.

Feb. 8, 2001.

Review Denied April 24, 2001.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant.

Ronaldo A. Coulter, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for respondent.

PERRY, Judge.

The state appeals from the district court's order granting Bradley D. Tranmer's I.C.R. 35 motion for reduction of sentence. We reverse.

## I.

## BACKGROUND

In April 1999, Tranmer pled guilty to manufacturing a controlled substance, methamphetamine. I.C. § 37–2732(a)(1)(A). The district court sentenced Tranmer to a unified term of seven years, with a minimum period of confinement of two years.[1] In June 1999, Tranmer filed an I.C.R. 35 motion for reduction of his sentence. Rather than ruling upon the Rule 35 motion, the district court issued an order staying consideration of the motion for a period not to exceed one year "to require a showing from the defendant as to his or her desire and efforts, over a period of time, to effect change which would warrant the Court's reconsidering and/or reducing the original sentence."

In April 2000, Tranmer filed documents in support of his Rule 35 motion. The documents consisted of letters and progress reports from staff at the jail where he was being held. In response, the state filed a memorandum in opposition to the Rule 35 motion, arguing that the district court was without jurisdiction to grant the motion. At a hearing held in May 2000, the district court explained its reason for staying its decision regarding Tranmer's Rule 35 motion:

[I]t's my practice when I get a [Rule 35] motion to reconsider that doesn't have anything in support of it, unless I feel extremely strongly, that there's no showing that counsel could make that would make me change my mind.

It's my practice to issue an order staying the motion for up to a year, placing the burden on the defendant to submit materials so that if the defendant doesn't do anything in that year, then there's no—there is not going to be a reconsidered sentence.

. . . .

It has been my experience that once in a while we get people who do take seriously the court's sentence and hear—although sentenced to prison, begin to make substantial efforts toward changing their life around.

At the conclusion of the hearing, the district court granted Tranmer's Rule 35 motion, reducing his sentence to a unified term of five years, with a minimum period of incarceration of one year.[2] The state appeals.

## II.

## ANALYSIS

On appeal, the state argues that the district court lost jurisdiction to reduce

1. Tranmer's sentence was affirmed by this Court in an unpublished opinion. *State v. Tranmer,* 135 Idaho 493, 20 P.3d 29 (Ct.App.2000).

2. Tranmer was paroled by the Idaho Department of Correction on December 28, 2000.

Tranmer's sentence because it delayed its decision for a period of eleven months. In pertinent part, Rule 35 provides that the trial court "may reduce a sentence within 120 days after the filing of a judgment of conviction or within 120 days after the court releases retained jurisdiction." However, it is well settled in Idaho that a trial court does not lose jurisdiction to act upon a timely filed motion under Rule 35 merely because the 120–day period expires before the judge can reasonably consider and act upon the motion. *See State v. Chapman*, 121 Idaho 351, 353, 825 P.2d 74, 76 (1992); *State v. Simpson*, 131 Idaho 196, 197, 953 P.2d 636, 637 (Ct.App. 1998). A trial court will retain jurisdiction to rule upon a Rule 35 motion if it acts within a "reasonable time" after the 120 day limitation expires. *Chapman*, 121 Idaho at 353, 825 P.2d at 76; *see also Simpson*, 131 Idaho at 197, 953 P.2d at 637. The Idaho Supreme Court explained:

> [A] strict interpretation [of Rule 35] may often prejudice a defendant who filed a timely motion but was denied a ruling because the trial court was unable to act upon the motion within the 120–day period for reasons outside the defendant's control, such as illness or other case matters. In these situations, in which the district court delayed ruling on the motion *not in order to evaluate the defendant's progress in prison*, but simply because the court had not had time to consider it, it would be entirely unfair to the defendant to not allow the trial court a "reasonable" time after the 120–day period has expired to rule on the motion.

*Chapman*, 121 Idaho at 354, 825 P.2d at 77 (emphasis added).

The reasonableness of any delay by the district court in ruling upon a Rule 35 motion must be evaluated in light of the purposes supporting the 120–day limitation and the reasons for the trial court's delay in each case. *United States v. Smith*, 650 F.2d 206, 209 (9th Cir.1981).[3] The 120–day limita-

tion serves two purposes: it protects judges from repeated pleas by those sentenced and it ensures "that the court does not usurp the responsibilities of the parole officials by acting on the motion *in light of the movant's conduct while in prison.*" *Simpson*, 131 Idaho at 197–98, 953 P.2d at 637–38 (emphasis added); *see also Chapman*, 121 Idaho at 353, 825 P.2d at 76. The second of these purposes insures that the district court's power to reduce a sentence will not be misused as a substitute for the consideration for parole by the Commission of Pardons and Parole by holding a timely motion for reduction of sentence in abeyance for months or years and then seeking to grant it on the basis of defendant's conduct in prison. *United States v. Taylor*, 768 F.2d 114, 117 (6th Cir.1985); *United States v. Krohn*, 700 F.2d 1033, 1037 (5th Cir.1983). The "reasonable time" granted to the trial court is "a reasonable time to decide the issue presented by the rule 35 motion, *not a license to wait and reevaluate the sentencing decision in the light of subsequent developments.*" *Diggs v. United States*, 740 F.2d 239, 246–47 (3d Cir.1984) (emphasis added); *see also Chapman*, 121 Idaho at 354, 825 P.2d at 77. Any delay "which allows the trial court to infringe upon the duties of the parole board is per se unreasonable." *Chapman*, 121 Idaho at 355, 825 P.2d at 78. Therefore, we conclude that Rule 35 is also not a substitute for the trial court's failure to utilize this state's retained jurisdiction program at the time a defendant's sentence is originally imposed.

The "reasonable time" rule was first adopted by the Idaho Supreme Court in *Chapman*. In that case, the district court ordered preparation of an inmate's progress report at the request of the defendant's counsel approximately one and one-half years after the defendant filed a Rule 35 motion. Initially, the district court denied the defendant's motion. In response to a motion to reconsider, the district court granted the defendant's motion after reevaluating the prog-

---

3. Prior to its amendment in 1987, Federal Rule of Criminal Procedure 35 was substantially similar to the present version of Idaho Criminal Rule 35. As a result, the Idaho Supreme Court relied heavily upon federal cases interpreting the pre–1987 version of the federal rule when the Idaho Supreme Court adopted the "reasonable time" rule. *See Chapman*, 121 Idaho 351, 825 P.2d 74 (1992). We will also turn to these federal cases in order to determine what constitutes a reasonable delay in ruling upon a timely filed Rule 35 motion.

ress report and concluding that the defendant was a model prisoner and likely to become a productive member of society. The Idaho Supreme Court held that the decision by the district court was an invasion of the executive authority held by the Commission of Pardons and Parole. *Chapman,* 121 Idaho at 355, 825 P.2d at 78.

■ The Idaho Supreme Court and this Court have considered a number of cases in .which the district court delayed its decision regarding a Rule 35 motion beyond the 120 day limitation. In many of these cases, it was held that the delay was unreasonable because the record was silent as to the basis for the delay. *See State v. Payan,* 132 Idaho 614, 619, 977 P.2d 228, 233 (Ct.App.1998); *Simpson,* 131 Idaho at 198, 953 P.2d at 638; *State v. Day,* 131 Idaho 184, 186, 953 P.2d 624, 626 (Ct.App.1998); *State v. Maggard,* 126 Idaho 477, 479, 886 P.2d 782, 784 (Ct. App.1994). In *State v. Book,* 127 Idaho 352, 900 P.2d 1363 (1995), the Idaho Supreme Court held that the district court reasonably delayed its decision while waiting for the defendant to gather additional information in support of his Rule 35 motion, noting that the information eventually gathered was not new evidence. In *State v. Matteson,* 123 Idaho 622, 851 P.2d 336 (1993), the Idaho Supreme Court affirmed the district court's refusal to delay its decision for more than eight months in order to wait for the preparation of a psychiatric evaluation report. In *State v. Nickerson,* 123 Idaho 971, 855 P.2d 56 (Ct.App.1993), this Court held that the district court reasonably delayed its decision while waiting for the underlying sentence to be appealed.[4] This Court explained in *Nickerson* that the authority of the parole officials was not infringed upon by the district court's delay because the Board of Correction did not have custody of the defendant as the district court had stayed the execution of the underlying sentence pending the appeal. *Id.* at 974, 855 P.2d at 59.

■ In the instant case, the district court did not utilize this state's retained jurisdic-

tion program. Rather, upon reviewing Tranmer's Rule 35 motion, the district court delayed its consideration of the motion for a period of eleven months for the *sole* purpose of considering Tranmer's conduct while incarcerated. In thereafter granting Tranmer's motion, the district court essentially reduced the fixed portion of his sentence to time served. However, in doing so, the district court infringed upon the executive duties granted to the Commission of Pardons and Parole. As a result, we hold that the district court lost jurisdiction to act upon Tranmer's Rule 35 motion.

We recognize that in *State v. Brydon,* 121 Idaho 890, 828 P.2d 919 (Ct.App.1992), this Court concluded that a district court reasonably delayed its decision regarding a Rule 35 motion for a period of five months while waiting to receive additional progress reports from the Idaho Department of Correction, partially on the grounds that the defendant was not yet eligible for parole. This Court then affirmed the district court's denial of Brydon's Rule 35 motion. After further consideration of the standard adopted by the Idaho Supreme Court in *Chapman,* however, we are unpersuaded that a defendant's parole eligibility date is determinative when considering whether a trial court reasonably delayed its decision in regard to a Rule 35 motion.

■ As stated in *Chapman,* any delay "which allows the trial court to infringe upon the duties of the parole board is per se unreasonable." *Chapman,* 121 Idaho at 355, 825 P.2d at 78. A clear indication of infringement occurs when a district court reduces a sentence while the defendant is serving the indeterminate portion of his sentence. *See Chapman,* 121 Idaho at 355, 825 P.2d at 78. However, it is not the only indication that a district court has infringed upon the duties of the parole board. *See Simpson,* 131 Idaho at 198, 953 P.2d at 638 (holding delay unreasonable although defendant was not eligible for parole). A district court's delay also infringes upon the duties of the

---

4. However, the Court noted that the proper procedure when a defendant seeks both a direct appeal of the underlying sentence and a Rule 35 motion is for the district court to rule on the Rule 35 motion and have its appeal consolidated with appeal of the underlying sentence. *See Nickerson,* 123 Idaho at 974 n. 4, 855 P.2d at 59 n. 4.

parole board by holding a timely motion for reduction of sentence in abeyance for months or years and then seeking to grant it on the basis of defendant's conduct in prison. *Taylor*, 768 F.2d at 117; *Krohn*, 700 F.2d at 1037. Such conduct was committed by the district court in *Chapman* and held to have caused the district court to overstep its jurisdictional boundaries. *Chapman*, 121 Idaho at 355, 825 P.2d at 78. Insofar as the language in *Brydon* can be read to condone a trial court's purposeful delay in ruling on a Rule 35 motion simply in order to consider a defendant's subsequent conduct while incarcerated, it is overruled.

Based upon the foregoing discussion, we hold that the district court lost jurisdiction to act upon Tranmer's Rule 35 motion by unreasonably delaying its decision for the sole purpose of considering Tranmer's conduct while in prison. Therefore, the district court's order granting Tranmer's Rule 35 motion is reversed.

Judge LANSING and Judge Pro Tem SWANSTROM, concur.