# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46162

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 4, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| RICARDO ANGEL RODRIGUEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Appeal from order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

In January 2017, Ricardo Angel Rodriguez pled guilty to receiving or transferring a stolen vehicle. I.C. § 49-228. In exchange for his guilty plea, an additional charge that he is a persistent violator was dismissed. On May 23, 2017, the district court sentenced Rodriguez to a unified term of five years, with a minimum period of confinement of three years, and sent Rodriguez to participate in the retained jurisdiction program. Rodriguez appealed. On August 9, 2017, while in the retained jurisdiction program, Rodriguez filed an I.C.R. 35 motion for reduction of his sentence asking the district court to reconsider his sentence. In his motion, Rodriguez requested that his motion be heard at the retained jurisdiction review hearing. The retained jurisdiction review hearing was subsequently held on November 21, 2017. At that hearing, Rodriguez spoke at length regarding his performance in the retained jurisdiction

1

program, but he did not expressly pursue his Rule 35 motion. The district court relinquished jurisdiction.[1]

Approximately three weeks later, on December 15, 2017, Rodriguez scheduled a hearing on his Rule 35 motion. The hearing was set for February 28, 2018, at 11:30 a.m., and the district court granted Rodriguez's motion to appear by telephone. At the February 28 hearing, defense counsel advised the district court that he just learned Rodriguez had been moved to a different unit within the prison, but that he should still be available by telephone. Because the district court had an appointment at noon and defense counsel was not confident the hearing could be completed by then if Rodriguez could be reached "in ten minutes," the district court rescheduled the hearing to May 7, 2018.

At the May 7 hearing, Rodriguez appeared telephonically and testified in support of his motion for Rule 35 relief. Several documents were also submitted in support of Rodriguez's motion. The district court denied the motion, stating, in part:

> Additionally, I do find that this is untimely heard. It's not untimely filed. [Rodriguez's original counsel] filed his Rule 35 motion on August 9th, 2017, which is timely given the May 23rd, 2017, imposition of sentence and the start of the jurisdictional review period or retained jurisdiction period, I'm sorry, but [original counsel] says in his motion that he requests a hearing at the same time as his jurisdictional review hearing, and then . . . did nothing to advance that Rule 35 motion. It's up to him to get it heard. And so no mention made at the November 23rd, 2017, rider review hearing. No mention at all. And then [new counsel] is appointed and we're nearly a year after that sentence was imposed or two weeks shy today of a year, and I do find that to be untimely, and [the] . . . Idaho Court of Appeals . . . recognizes that certainly the hearing does not need to be conducted before the 120-day period expires, but at some point in time the hearing on the motion becomes untimely and I think that's exactly what's gone on here. The Rule 35 motion was based only on the judgment and sentence where I placed Mr. Rodriguez on a retained jurisdiction, so I can only infer that . . . since it was filed on August 9th, 2017, [original counsel] intended to have that heard at the jurisdictional review hearing, I can only infer that Mr. Rodriguez through [original counsel] wasn't complaining about the rider but was complaining about the sentence. Well, then he gets his jurisdiction relinquished, and I would think it

---

[1] In the appeal filed following the entry of judgment, Rodriguez asserted that the district court erred in relinquishing jurisdiction. This Court affirmed in an unpublished opinion. *See State v. Rodriguez*, Docket No. 45772 (Ct. App. Aug. 31, 2018).

would be incumbent upon Mr. Rodriguez to immediately notice up for hearing the Rule 35. That didn't happen, and there's been no explanation as to why the court should consider any delay to be reasonable, so I do find it unreasonable and untimely heard, so . . . I'm denying the motion.

Rodriguez appeals. Rodriguez first contends that the district court erred in concluding it did not have jurisdiction to consider the Rule 35 motion. Specifically, Rodriguez argues that the delay in pursuing the motion was out of his control, that "counsel's deficiency" in failing to argue the motion at the retained jurisdiction review hearing should not be imputed to him, and that the subsequent delay was the result of scheduling conflicts not attributable to him. In short, Rodriguez contends the delay in having his motion heard was "'reasonable' in light of the specific facts of his case." The State responds that the district court's jurisdiction to rule on the motion lapsed and the district court's determination that the delay was unreasonable is supported by the record. We hold that the district court did not lose jurisdiction over Rodriguez's Rule 35 motion.

A district court does not lose jurisdiction to act upon a timely filed Rule 35 motion merely because the 120-day period expires before the court can reasonably consider and act upon the motion. *State v. Chapman*, 121 Idaho 351, 354, 825 P.2d 74, 77 (1992). However, if the district court does not rule upon the motion within a reasonable time after expiration of the 120-day period, the court loses jurisdiction. *Id*. The reasonableness of any delay by the district court in deciding a Rule 35 motion must be evaluated in light of the purposes supporting the 120-day limitation and the reasons for the delay in each case. *State v. Tranmer*, 135 Idaho 614, 616, 21 P.3d 936, 938 (Ct. App. 2001). The 120-day limitation serves two purposes: it protects judges from repeated pleas by those sentenced and it ensures that the court does not usurp the responsibilities of the parole officials by acting on the motion in light of the movant's conduct while in prison. *Id.* Examples of situations that may justify a delay beyond the 120-day limit include a judge's absence due to illness, vacation, or service on another matter; the judge's preoccupation with a protracted trial of another case; the need to summon witnesses or procure a medical examination; retirement of the original sentencing judge; and the need to gather and examine other pertinent materials unrelated to the defendant's conduct while in prison. *State v. Fisch*, 142 Idaho 781, 784, 133 P.3d 1246, 1249 (Ct. App. 2006). The reasonable time granted to the district court is a reasonable time to decide the issue presented by the Rule 35 motion.

3

*Tranmer*, 135 Idaho at 616, 21 P.3d at 938. Any delay that allows the district court to infringe upon the duties of the parole board is per se unreasonable. *Chapman*, 121 Idaho at 355, 825 P.2d at 78.

Rule 35 allowed Rodriguez to file his motion within 120 days of the entry of judgment or within 120 days of the order releasing retained jurisdiction. Rodriguez filed his Rule 35 motion between these two dates. Although Rodriguez filed his motion prior to the order relinquishing jurisdiction, from a jurisdictional perspective, Rule 35(b) allows a court to correct or reduce a sentence within 120 days of an order relinquishing jurisdiction. Thus, the district court had authority to grant Rule 35 relief within 120 days of the November 21, 2017, order relinquishing jurisdiction; that 120-day period ended on March 21, 2018. The separate Rule 35 hearing that was initially set for February 28, 2018, was well within the 120-day period. That hearing was rescheduled because the district court's calendar could not accommodate the delay associated with Rodriguez's relocation to a different unit in the prison or the length of time needed to present evidence on the motion. The next available hearing date offered by the district court was May 7, 2018. The district court orally denied the motion the same day.

Based on the circumstances of this case, the district court did not lose jurisdiction over Rodriguez's Rule 35 motion. The district court decided Rodriguez's Rule 35 motion approximately six weeks after the 120-day period expired. Such a delay is not unreasonable, nor was it done for the purpose of usurping the responsibility of parole officials. Rather, the delay was associated with scheduling issues. Thus, we will review the merits of the district court's decision on Rodriguez's Rule 35 motion.

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

4

Rodriguez argues that the district court abused its discretion in denying his Rule 35 motion because he supported the motion with new and additional information that demonstrated he was an appropriate candidate for probation or a lesser sentence. This information included C-notes regarding Rodriguez's behavior while incarcerated, documents explaining why Rodriguez missed a drug test prior to sentencing, documents relating to Rodriguez's request for segregation and housing alternatives in prison due to being attacked by other prisoners, character letters, documents relating to past and potential future employment, a letter written by Rodriguez addressed to the district court, documents confirming a dismissed charge from Washington, a document indicating Rodriguez got his driver's license reinstated, and certificates of completion Rodriguez received during his rider. The district court found there was "really no new evidence" presented and, even if there was, it was insufficient to warrant Rule 35 relief. Based on the applicable legal standards, we find no abuse of discretion by the district court. Therefore, the district court's order denying Rodriguez's Rule 35 motion for reduction of sentence is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.