**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50633**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 8, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ANGEL VELASCO GONZALEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Brent L. Whiting, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Angel Velasco Gonzalez pleaded guilty to lewd conduct with a child under sixteen years of age, Idaho Code § 18-1508. The district court imposed a unified sentence of twenty-two years, with a minimum period of incarceration of eight years. Gonzalez filed an Idaho Criminal Rule 35 motion and subsequently filed an amended I.C.R. 35 motion, which the district court denied. Gonzalez appeals.

Pertinent to this appeal, I.C.R. 35(b) provides that a defendant can file a motion to reduce a sentence "within 120 days of the entry of the judgment imposing sentence." A district court loses jurisdiction to rule on such a motion if it does not act within a "reasonable time" after the 120 day-period expires. *State v. Chapman*, 121 Idaho 351, 353, 825 P.2d 74, 76 (1992); *State v.*

1

*Tranmer*, 135 Idaho 614, 616, 21 P.3d 936, 938 (Ct. App. 2001). While Gonzalez's initial I.C.R. 35 was timely filed, his amended I.C.R. 35(b) motion was filed 152 days after the judgment of conviction was entered and the district court ruled on it 266 days after the judgment of conviction was entered. Gonzalez does not argue the delay was reasonable nor does the record establish a legitimate cause for the delay.

Ruling on an I.C.R. 35 motion almost nine months after the judgment of conviction was entered was not reasonable and consequently, the district court lacked jurisdiction to rule on the original or amended I.C.R. 35 motion. The denial of Gonzalez's I.C.R. 35 motion is affirmed.