**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51203**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  May 13, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAMES HENRY WENKE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County.  Hon. Kiley Stuchlik, District Judge.

Order denying Idaho Criminal Rule 35, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

James Henry Wenke was found guilty of possession of marijuana with the intent to deliver in violation of Idaho Code § 37-2732(a)(1)(B).  On April 2, 2018, the district court imposed a unified sentence of forty years, with a minimum period of incarceration of twenty years.  Wenke appealed, and this Court affirmed the judgment of conviction in an unpublished opinion.  *State v. Wenke*, Docket No. 45983 (Ct. App. Dec 10, 2019).  August 2, 2023, more than five years after the judgment of conviction, Wenke filed an Idaho Criminal Rule 35 motion wherein he asserted his sentence was illegal.  The district court found Wenke's  sentence was not illegal and his claim that the sentence was excessive was  untimely.  As a result, the district court denied Wenke's Rule 35 motion.  Wenke appeals, "[m]indful of the applicable legal standards governing the subject of

1

Rule 35(a) motions to correct an illegal sentence and the time to file Rule 35(b) motions for a reduction of a sentence," he asserts the district court erred by denying his Rule 35 motion.

First, Wenke argues that the district court imposed an illegal sentence. In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147. The district court found that Wenke's sentence is not illegal. On appeal, although Wenke asserts that his sentence is illegal, the sentence imposed is within the statutory limits and he provides no other facts to support his claim. Consequently, the record supports the district court's finding that Wenke's sentence is not illegal.

Second Wenke argues the district court imposed an excessive sentence. Idaho Criminal Rule 35(b) provides that a defendant can file a motion to reduce a sentence "within 120 days of the entry of the judgment imposing sentence." A district court loses jurisdiction to rule on such a motion if it does not act within a "reasonable time" after the 120 day-period expires. *State v. Chapman*, 121 Idaho 351, 353, 825 P.2d 74, 76 (1992); *State v. Tranmer*, 135 Idaho 614, 616, 21 P.3d 936, 938 (Ct. App. 2001). Wenke's Rule 35 motion was filed more than five years after the judgment of conviction was entered; thus, the motion is untimely. Consequently, the district court lacked jurisdiction to rule on a Rule 35(b) motion.

For the reasons stated above, the district court's denial of Wenke's Rule 35 motion is affirmed.