766 P.2d 1278

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Doug J. FLORA, Defendant–Appellant.**

**No. 17133.**

Court of Appeals of Idaho.

Dec. 30, 1988.

Howard I. Manweiler and David D. Manweiler (argued), Manweiler, Bevis & Cameron, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Doug Flora inflicted a fatal knife wound upon another man during an altercation at a residence in Blackfoot, Idaho. Although Flora initially was charged with first degree murder, the state reduced the charge to second degree murder in exchange for a guilty plea by Flora. Following acceptance of the plea to the lesser charge, Flora was

sentenced to an indeterminate term of fifteen years in the custody of the Board of Correction. Later, Flora filed a motion under I.C.R. 35 to reduce his sentence to a period of ten years. Following a hearing, the motion was denied. The sole question for review is whether the district court abused its discretion in denying Flora's Rule 35 motion. We find no abuse of the court's discretion and we affirm.

Flora argues that his plea of guilty was not voluntarily and knowingly entered because he had been led to believe that he would receive a sentence of not more than ten years. He also contends the district court failed to honor a representation to Flora that his sentence would not be more than ten years. Finally, he submits that he was told by the court when his guilty plea was accepted that he, Flora, would have the opportunity to withdraw his plea after he was sentenced, and that Flora subsequently was denied that opportunity.

We are not persuaded that any of these points is relevant to a motion to reduce a sentence under Rule 35. The remedy for an alleged involuntary plea of guilty lies in a direct appeal from a judgment of conviction or through an application for post conviction relief under Title 19, Chapter 49 of the Idaho Code. The defendant might also file a postjudgment motion to withdraw the guilty plea under I.C.R. 33(c). None of these remedies was pursued by Flora.

A motion under I.C.R. 35 leaves intact the plea or verdict of guilty and the adjudication of guilty under the judgment of conviction. The motion essentially is a plea for sentencing leniency. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987). It is not a plea for relief from a determination of guilt.

Viewing the sentence in this case, we hold that fifteen years is not excessive in relation to the crime of which Flora stands convicted. Flora could have received a life sentence, I.C. § 18–4004, the sentence recommended by the state as part of its agreement to reduce the charge from first degree murder to second degree mur-

der. At the hearing on the motion for reduction, Flora presented no evidence, beyond that adduced in the original sentencing proceeding, to show any undue severity in his sentence. Accordingly, the district court did not abuse its discretion in denying the motion.

The order denying Flora's motion to reduce his sentence is affirmed.