801 P.2d 1313
**STATE of Idaho, Plaintiff–Respondent,**

v.

**Frederick FULLER,
Defendant–Appellant.**

**Nos. 18511, 18512.**

Court of Appeals of Idaho.

Dec. 5, 1990.

Jonathan W. Cottrell, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In separately charged felony cases, Frederick Fuller pled guilty to delivery of cocaine, I.C. § 37–2732(a), and possession of cocaine, I.C. § 37–2732(c). Fuller appeals from the judgments of conviction, arguing that his sentences are excessive. For the reasons explained below, we affirm.

During the months of March and April of 1989, Fuller made three sales of cocaine to an Idaho Department of Law Enforcement investigator in Bonner County, Idaho. Initially, Fuller was charged in separate Informations with a total of three counts of delivering cocaine and one count of possession. Pursuant to a plea bargain, Fuller entered guilty pleas to one count of delivery and one count of possession. At a consolidated sentencing hearing, the district court imposed unified sentences for each conviction: six years with a fixed period of two-years' confinement on the delivery charge, and three years, with a minimum of one-year confinement on the possession charge. The court ordered that the sentences be served concurrently. Fuller's appeals in both proceedings were consolidated for review pursuant to stipulation.

■■■ Delivery of a controlled substance is a felony carrying a maximum penalty of life imprisonment. I.C. § 37–2732(a)(1)(A). The maximum sentence for possession is three years' incarceration. I.C. § 37–2732(c)(1). Where a sentence is within the statutory limit, it will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989). A sentence may represent such an abuse if it is demonstrated to be unreasonable under the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Koch,* 116 Idaho 571, 777 P.2d 1244 (Ct.App.1989). In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period of incarceration specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). When considering whether a period of confinement is reasonable, we employ the substantive criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982) and *Sanchez:* the protection of society, retribution, deterrence and rehabilitation. Under *Toohill,* a sentence longer than necessary to achieve these sentencing goals constitutes an abuse of discretion. We examine a sentence in a given case with regard to the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

■■ Fuller challenges only his sentence on the delivery charge, contending that the district court failed to articulate a rational basis for imposing a term twice the length of that given for the possession charge. We find this contention unsupported by the record before us.

At the sentencing hearing, the court discussed with some particularity the nature of the crime of drug dealing, noting that, although Fuller dealt in relatively small quantities of drugs, the larger suppliers of drugs depend on dealers, such as Fuller, to put the drugs in the hands of the users. The court's comments underscored the seriousness of the menace which drug dealing presents to society, and the need to protect against that harmful activity. Moreover, we observe that Fuller's disparate sentences are entirely consistent with the legislature's implicit determination that delivery of a controlled substance is the more serious crime, warranting a maximum penalty of life imprisonment compared to the three-year maximum sentence provided for possession.

We conclude that the district court properly exercised its discretion in sentencing Fuller. Accordingly, the judgments of conviction, including the unified sentences, are affirmed.