829 P.2d 1379

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Santiago Villa JARDIN, Defendant–Appellant.**

No. 19345.

Court of Appeals of Idaho.

May 5, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Kevin P. Cassidy, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

On October 9, 1990, Santiago Jardin was sentenced to the Board of Correction for a ten-year term which included a minimum of five-years' incarceration for delivery of heroin under I.C. § 37–2732(a)(1)(A). Jardin filed no notice of appeal from the judgment of conviction and sentence. On February 7, 1991, Jardin filed a motion for reduction of sentence under I.C.R. 35. Jardin's motion was denied, and he appeals from the order of the district court. We affirm.

Jardin was charged with two felony counts of delivery of heroin and a misdemeanor of frequenting a place where narcotics are used. Through an arrangement where the state dismissed one of the felony counts, Jardin pleaded guilty to one count of delivery and to the misdemeanor charge. Prior to the sentencing, Jardin appeared with counsel before the district judge to change his original plea of not guilty. The district court accepted Jardin's change of plea and further dismissed the misdemeanor charge. In addition to the imposition of an aggregate ten-year prison sentence, the court ordered that the cash and the .45 caliber pistol found on Jardin's person at the time of his arrest be forfeited toward satisfying his restitution obligation. Jardin was committed to the custody of the Board of Correction and was to be given credit for

time served in jail up to the date of sentencing.

On appeal, Jardin argues, along with two other defendants whose appeals were consolidated for the purpose of briefing and argument only,[1] that the district judge erred in accepting his change of plea without independently ascertaining that he understood the nature of the proceedings against him. Although the defendant was represented by counsel and was aided by a certified interpreter, Jardin asserts that the court failed to inquire of him whether he in fact understood the impact of the rights that the interpreter explained to him.

 The issue of the alleged involuntary plea of guilty, however, is not properly before this Court. As the state pointed out in its brief, no appeal was taken within forty-two days of the judgment, and Jardin's Rule 35 motion was not filed within fourteen days of the judgment of conviction and sentence. As such, the motion filing was inadequate to preserve the right to appellate review of Jardin's conviction and sentence. *State v. Hickman*, 119 Idaho 7, 8, 802 P.2d 1219, 1220 (Ct.App.1990). *See also* I.A.R. 14. The remedy for an alleged involuntary plea of guilty lies in a direct appeal from a judgment of conviction, or through an application for post conviction relief. Accordingly, we decline to consider the validity of Jardin's changed plea. *See State v. Flora*, 115 Idaho 397, 398, 766 P.2d 1278, 1279 (Ct.App.1988).

Next, Jardin contends that it was error for the district court not to modify the ten year sentence pursuant to his Rule 35 motion. Arguing that the hearing on his motion was perfunctory, Jardin claimed that the district judge was concerned only with the nature of the offense and ignored that this was Jardin's first offense, that he had received a good progress report from the penitentiary staff, and that he had family to return to in Mexico and a job upon release. Jardin argues that the district court made no attempt to distinguish the three defendants' characters or criminal

culpability at the joint sentencing. He also submits that the district judge failed to consider rehabilitation as a sentencing objective in this case.

 A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court; such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987). In considering a motion to reduce, the judge may consider facts presented at the original sentencing hearing along with any other information concerning the defendant's rehabilitative progress in confinement. *State v. Snapp*, 113 Idaho 350, 743 P.2d 1003 (Ct.App.1987). The appellant bears the burden of presenting a sufficient record to evaluate the merits of the challenge to the court's sentencing discretion. *State v. Martinez*, 113 Idaho 535, 746 P.2d 994 (1987).

 The penalty for a violation of I.C. § 37-2732(a)(1)(A) is a term of confinement that may extend to life imprisonment and a fine of $25,000. Jardin's sentence of ten years, with five years fixed, is within the statutory limits. When a sentence is within the statutory limits, generally, no abuse of discretion will be found. *State v. Fuller*, 118 Idaho 962, 801 P.2d 1313 (Ct.App. 1990).

 At the hearing on the Rule 35 motion, the district court read the report of Jardin's progress at the penitentiary. These same facts were reiterated by defense counsel, who argued that Jardin's sentence should be reduced by paroling him to Mexico, where he desires to go, and where he has four children to support. Because Jardin is an illegal alien with an I.N.S. hold on him to be returned to Mexico, and because of his model behavior in prison, defense counsel urged the district judge to revise Jardin's sentence.

The scanty record before us on appeal is an obstacle to a complete review of the

---

1. *See State v. Pedro Perez Gonzales*, Case No. 19045, 122 Idaho 17, 830 P.2d 528, and *State v.* *Perez*, 122 Idaho 1, 830 P.2d 1 (Ct.App.1992).

issues raised by Jardin with regard to sentencing. We learn from the briefs, however, that Jardin was in possession of a .45 caliber pistol when he was arrested, that he was a party to three drug transactions, and that he purportedly was the one from whom the other two defendants got their drugs. We can only conclude that these factors weighed in the district judge's sentencing decision. The judge noted at the Rule 35 hearing that Jardin had not even been in prison for a year and that his good behavior there was not unusual under the circumstances.

We conclude that the district court's denial of the Rule 35 motion was not an abuse of discretion. The order denying a reduction of sentence is hereby affirmed.

WALTERS, C.J., and SILAK, J., concur.