853 P.2d 580

STATE of Idaho, Plaintiff–Appellant,

v.

Chris HARBAUGH, Defendant–Respondent.

STATE of Idaho, Plaintiff–Appellant,

v.

Jolene HARBAUGH, Defendant–Respondent.

Nos. 19438, 19439.

Supreme Court of Idaho,
Twin Falls, November 1992 Term.

May 19, 1993.

Larry EchoHawk, Atty. Gen., Michael Kane and Michael A. Henderson, Deputy Attys. Gen., Boise, for plaintiff-appellant. Michael A. Henderson argued.

Swenson & Scoggin, Gooding, for defendants-respondents. Severt Swenson, Jr., argued.

## PER CURIAM.

The issue presented to the Court in this case is whether the district court properly set aside the Harbaughs' guilty pleas and dismissed the criminal actions against them. The respondents, Chris and Jolene Harbaugh ("the Harbaughs"), on being charged with several crimes involving marijuana entered into plea agreements with the State.

After a sentencing hearing in February of 1991, the court imposed sentences of two-to-five years. It then suspended the sentences and placed each defendant on probation for two years, a condition of which was that each Harbaugh serve sixty days in jail. The district court's probation orders stated, *inter alia*, "The defendant, at the discretion of the Gooding County Sheriff, may have work release, or be entitled to community release." [1]

On May 16, 1991, the Harbaughs' counsel filed a timely "Motion for Clarification of Terms of Sentence" based upon Idaho Criminal Rule 35. At the hearing on this motion, held June 10, 1991, the district court noted that "the Sheriff doesn't like [the court's] order of probation and refuses to go along with it," [2] summarily set aside the Harbaughs' guilty pleas, and dismissed the actions against them. Shortly thereafter, the court signed orders to that effect. These orders observed that the Harbaughs to that point in time had fully complied with the terms of probation.

On appeal, the State argues that the district court abused its discretion in setting aside the Harbaughs' guilty pleas and dismissing the actions against them. We

---

1. The hearing transcript shows that the oral sentencing was somewhat ambiguous as to whether the court intended that the Harbaughs serve only work release or community service release, or whether it intended that the sheriff determine in his discretion whether they should serve actual time in jail.

2. The sheriff had decided that the Harbaughs should each serve sixty days in jail without work or community release. The prosecutor stated that "the Sheriff reads the court order to say that the sixty days is up to him. He's ordered sixty days to be served without work release."

hold that under these peculiar circumstances, the district court acted outside the bounds of judicial discretion.

■ The district court did not expressly refer to a rule or statute during the sentencing hearing or in its order setting aside the pleas and dismissing the actions. Although the Harbaughs cite various statutes and Idaho Criminal Rules in support of the district court's actions, none is sufficient authority for affirming the trial court.

Idaho Criminal Rule 35, the rule pursuant to which the Motion to Clarify was made, applies neither to the withdrawal of guilty pleas nor to the dismissal of criminal charges. It allows the trial court to *"reduce* a sentence" within 120 days after the sentence is imposed. I.C.R. 35 (emphasis added). The State correctly asserts that I.C.R. 35 does not vest a trial court with the power to set aside guilty pleas and to dismiss an action. To read "reduce" so as to encompass such procedure would render meaningless I.C.R. 33(c) and 48, which govern withdrawal of pleas and dismissals, respectively. *Cf. State v. Flora,* 115 Idaho 397, 398, 766 P.2d 1278, 1279 (Ct.App.1988) ("A motion under I.C.R. 35 leaves intact the plea or verdict of guilty and the adjudication of guilty under the judgment of conviction.").

■ Idaho Criminal Rule 48, which provides the procedure and standards for dismissal by the court, fails to support the district court's dismissal of the Harbaughs' actions. Assuming, without deciding, that I.C.R. 48 applies to the Harbaughs' case, the rule as a condition precedent requires "notice to all parties." I.C.R. 48(a). Neither the Harbaughs nor the State were notified that the court was contemplating dismissal. We are not persuaded by the Harbaughs' argument that the notice provided by their Motion for Clarification of

Terms of Sentence fulfilled the notice requirement of Rule 48.[3] Such notice should specifically state that the court is contemplating dismissal on its own motion or has been so moved by one of the parties.

Hence, under the instant facts, no authority supported the dismissal of the Harbaughs' criminal actions, leaving the further issue of whether there is any authority supporting the court's setting aside of the Harbaughs' guilty pleas.

■ Rule 33(c), governing the withdrawal of guilty pleas, provides in part that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." I.C.R. 33(c). From the use of the word "may," it is clear that a trial court's decision to do so lies within its discretion. *See, e.g., State v. Freeman,* 110 Idaho 117, 714 P.2d 86 (Ct.App.1987) ("Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied.").

■ The question then becomes whether the district court's actions were within the discretion bestowed by Rule 33(c). This court reviews a discretionary determination by asking 1) whether the trial court correctly perceived the issue as one of discretion; 2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and 3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991), citing *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). A perusal of this record does not show that these criteria were met. For instance, the trial court made no express finding that the

3. The Harbaughs also contend that the withdrawal of the guilty pleas and dismissal of their actions was permissible under § 19–3504, which provides that "[t]he court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes." This statute (unamended since 1864), is clearly procedural; to the extent that it conflicts with I.C.R. 48, it is invalid. *See State v. Currington,* 108 Idaho 539, 541, 700 P.2d 942, 944 (1985) ("We note that, where conflict exists between statutory criminal provisions and the Idaho Criminal Rules in matters of procedure, the rules will prevail.") Thus, the requirements of I.C.R. 48 must have been fulfilled to uphold the court's dismissals.

**838**

Harbaughs had suffered a manifest injustice. Accordingly, the withdrawal of the Harbaughs' guilty pleas cannot stand.

■ Finally, the Harbaughs argue that I.C. § 19–2604(1) provides a basis for both the withdrawal of their pleas and the dismissal of their actions. That provision states,

> If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant....

I.C. § 19–2604(1). The district court's orders did state that the Harbaughs had complied with the terms of probation up to that point. The Harbaughs, however, never made a showing to that effect and thus cannot avail themselves of the statute at this time.

We thus vacate the district court's orders setting aside the guilty pleas and dismissing the criminal actions and remand for further proceedings not inconsistent with this opinion. Upon remand, the district court should reconsider the Harbaughs' Motion to Clarify Sentence so that the district court's intended directions as to the Harbaughs' sentence may be carried out.