## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 38485

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 406 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 19, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIDGETT LEE DELUCA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order revoking probation and executing suspended sentence, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Bridgett Lee Deluca appeals from the district court's order revoking her probation and executing sentence and from the district court's order denying her I.C.R. 35 motion for reduction of sentence. For the reasons set forth below, we affirm.

### I.

### FACTS AND PROCEDURE

Deluca, who has a long history of methamphetamine addiction, pled guilty to felony possession of a controlled substance, I.C. § 37-2732(c), and misdemeanor injury to a child, I.C. § 18-1501(1). A psychological evaluation was performed prior to sentencing at Deluca's expense and was submitted to the district court at Deluca's request. Deluca was sentenced to a unified term of seven years, with a minimum period of confinement of three years, for possession of a controlled substance and a concurrent sentence of 120 days for injury to a child. The district court retained jurisdiction. Following Deluca's successful completion of the retained jurisdiction

1

program, the district court suspended her sentence and placed her on probation for seven years. Approximately seven months later, the state alleged Deluca violated her probation by using methamphetamine, refusing to allow her probation officer to search her residence, and associating with known felons. Deluca admitted to violating her probation by using methamphetamine and refusing to allow her probation officer to search her residence. Prior to Deluca's disposition hearing on the probation violation, her attorney requested the district court order an updated mental health evaluation. The district court denied the request, revoked Deluca's probation, and executed her original sentence. Subsequently, Deluca filed an I.C.R. 35 motion seeking reduction of her sentence, which the district court denied. Deluca appeals.

## II.

## ANALYSIS

Deluca argues on appeal that the district court erred when it denied her request for an updated psychological evaluation pursuant to I.C. § 19-2522(1) prior to disposition of her probation violation. Deluca further asserts the district court abused its discretion when it failed to order a mental health evaluation pursuant to I.C. § 19-2524 prior to disposition of her probation violation. Deluca also argues the district court abused its discretion when it revoked her probation and imposed sentence. Finally, Deluca contends that the district court abused its discretion when it denied her Rule 35 motion to reduce her sentence.

### A. Psychological Evaluation Under I.C. § 19-2522

Deluca argues the district court erred when it denied her request for a psychological evaluation pursuant to I.C. § 19-2522(1) prior to the disposition hearing on her probation violation. The determination whether to obtain a psychological evaluation lies within the sentencing court's discretion. I.C. § 19-2522(1); I.C.R. 32(d); *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999). The legal standards governing the court's decision whether to order a psychological evaluation and report are contained in I.C. § 19-2522. Pursuant to I.C. § 19-2522(1), if there is reason to believe that the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the sentencing court must appoint a psychiatrist or licensed psychologist to examine and report upon the defendant's mental condition.

Previous decisions indicate that, even if there is reason to believe the defendant's mental condition will be a significant factor at sentencing, the court nonetheless may deny a request for

2

a new evaluation if the information contained in existing reports satisfies the requirements of I.C. § 19-2522(3). *State v. McFarland*, 125 Idaho 876, 879, 876 P.2d 158, 161 (Ct. App. 1994). Accordingly, we will uphold the district court's failure to order a psychological evaluation if the record supports a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing or if the information already before the court adequately meets the requirements of I.C. § 19-2522(3). *McFarland*, 125 Idaho at 879, 876 P.2d at 161.

Here, a psychological evaluation was performed at Deluca's expense prior to sentencing and was incorporated into her presentence investigation report (PSI) at her request. This evaluation was not prepared by court order pursuant to I.C. § 19-2522 but was prepared by a licensed psychologist. The evaluation did not comport completely with the requirements of I.C. § 19-2522(3), but there was no objection to the report at the time of sentencing and no suggestion that the district court should have required more information or ordered an additional report.[1] Deluca's Axis I diagnoses were alcohol dependence, methamphetamine abuse, bipolar disorder, bulimia nervosa, and attention deficit hyperactivity disorder. Her Axis II diagnosis was borderline personality disorder. Plainly, the district court considered Deluca's mental health issues in ordering, as a term of her probation, that she continue intensive outpatient treatment for her dual diagnoses.

Deluca argues, however, that the district court erred in denying her request for an updated psychological evaluation because her mental health status had changed during the year after she was sentenced, and her mental health would be a significant factor at the disposition of her probation violation. In support of this claim, Deluca cites to *State v. Izaguirre*, 145 Idaho 820, 186 P.3d 676 (Ct. App. 2008). Izaguirre was convicted of second degree murder at the age of twenty. Izaguirre did not request a psychological evaluation prior to sentencing and one was not ordered sua sponte by the trial court. He was sentenced to a term of life imprisonment, with a minimum period of confinement of sixty years. Izaguirre filed an I.C.R. 35 motion for reduction of sentence and requested a psychological evaluation be performed prior to the hearing on his Rule 35 motion. In support of his request for a psychological evaluation, Izaguirre

---

[1] The report did not address the relative risks and benefits of treatment or nontreatment nor did it provide a consideration of the risks of danger which Deluca might create for the public at large. I.C. §§ 19-2522(3)(e) and (f).

submitted the affidavit of a psychologist and several scholarly articles that asserted psychological changes occurring in a person's teens and twenties act to reduce the risk they will become repeat offenders. The district court denied Izaguirre's request for a psychological evaluation prior to the disposition of his Rule 35 motion. On appeal, this Court reversed, holding that, where there had been no psychological evaluation prior to sentencing and a psychologist's affidavit submitted in support of the motion demonstrated there was reason to suspect psychological abnormalities would warrant consideration by the court, the district court should have granted the motion for a psychological evaluation prior to the hearing on Izaguirre's Rule 35 motion. *Izaguirre*, 145 Idaho at 823-24, 186 P.3d at 679-80.

Deluca argues that the holding in *Izaguirre*, which required a trial court to order a psychological evaluation prior to deciding a Rule 35 motion, should be extended to her request for a psychological evaluation prior to a probation violation disposition hearing because probation violation dispositions are analogous to Rule 35 hearings. We disagree.

First, I.C. § 19-2522 mandates a psychological evaluation in certain circumstances only for purposes of informing the trial court's initial sentencing decision; by its plain language, the statute has no application to a hearing on a probation violation. Contrary to Deluca's argument, we did not extend the Section 19-2522 requirement to Rule 35 proceedings in *Izaguirre*. In fact, we specifically stated that "there is no claim of a direct violation of I.C. § 19-2522." *Izaguirre*, 145 Idaho at 823, 186 P.3d at 679. Instead, we examined the indigent defendant's request for an evaluation to support his Rule 35 motion as a matter committed to the trial court's discretion. We held only that, where no psychological evaluation had been conducted before sentencing, and where an affidavit of a neuropsychologist indicated that the defendant's personal history and behavior led the psychologist to suspect that neurocognitive abnormalities may have affected the defendant's past behavior and would affect the risk of future aggression and that continued maturation of the defendant's brain could have a positive impact on his behavior, the district court abused its discretion by refusing to order such an evaluation before it ruled on the young defendant's motion to reduce his unified life sentence, with a minimum period of confinement of sixty years.

Because the mandate of I.C. § 19-2522 does not apply to probation violation proceedings, the district court here did not err in denying Deluca's request for an additional psychological evaluation pursuant to that statute prior to the disposition of her probation violation.

**B.      Mental Evaluation Under I.C. § 19-2524**

Deluca also argues the district court abused its discretion when it failed to sua sponte order a mental health evaluation examination under I.C. § 19-2524 prior to disposition of her probation violation.   Idaho Code Section 19-2524 provides that, when a defendant has been found to violate a condition of probation, the court, prior to the hearing on revocation of probation, may order a defendant to undergo a mental health examination.   The statute specifically provides that a court "may" order the defendant to submit to a mental health examination.  The word "may" is permissive and denotes an exercise of discretion.  *See State v. Harbaugh*, 123 Idaho 835, 837, 853 P.2d 580, 582 (1993).   Thus, we will review the lower court's decision to order a mental health examination under an abuse of discretion standard. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In denying Deluca's request for an updated mental health evaluation, the district court noted that, upon its review of the file, there was no basis for an updated mental health report. The district court had extensive information regarding Deluca's mental health at the time of the probation violation hearing.   In addition, Deluca failed to present additional evidence which would indicate her mental health status had changed or that would show an additional mental health evaluation was warranted.  The only new information before the district court was that Deluca's probation officer had suggested that she might benefit from a new evaluation. Therefore, we hold that the record demonstrates the district court did not abuse its discretion in failing to grant Deluca's request for an updated mental health evaluation pursuant to I.C. § 19-2524 prior to disposition of Deluca's probation violation.

**C.      Revocation of Probation**

Deluca argues the district court abused its discretion when it revoked her probation and imposed sentence.  It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. § 19-2603, 20-222; *State v. Beckett*, 122

Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing the trial court abused its discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *Hedger*, 115 Idaho at 600, 768 P.2d at 1333.

The record demonstrates that Deluca had an extensive criminal history, including multiple felonies and a federal conviction for distribution of methamphetamine. Despite this criminal history, the district court retained jurisdiction and, after Deluca's completion of the rider program, placed Deluca on probation. Within seven months, Deluca admitted to violating her probation by using methamphetamine on multiple occasions and refusing to cooperate with her probation officer's request to search her residence. The record demonstrates that Deluca had attended counseling and drug rehabilitation programs in the past, but these resources failed to change her behavior. In light of Deluca's conduct during the probationary period and given her criminal history, it was reasonable for the district court to find she was unsuitable as a candidate for continuing on probation because probation was not achieving its rehabilitative purpose and was not consistent with the protection of society. Therefore, we hold the district court did not abuse its discretion when it revoked Deluca's probation and executed her previously suspended sentence.

**D.     Denial of Rule 35 Motion**

Finally, Deluca contends that the district court abused its discretion when it denied her Rule 35 motion for reduction of sentence.  A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence.  *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).  A lower court's decision to grant or deny a Rule 35 motion will not be disturbed on appeal in the absence of an abuse of discretion.  *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994).

In support of her Rule 35 motion, Deluca presented letters from friends and family discussing her lengthy history of addiction and mental health issues.  The letters did not present new or additional evidence sufficient to demonstrate Deluca's sentence was excessive in light of her past criminal record and poor performance on probation.  Therefore, Deluca has failed to show that the district court abused its discretion in denying her Rule 35 motion for reduction of sentence.

**III.**

**CONCLUSION**

The district court did not err in denying Deluca's request for a psychological evaluation pursuant to I.C. § 19-2522(1) or I.C. § 19-2524 prior to the hearing on Deluca's probation violation.  In addition, the district court did not abuse its discretion when it revoked Deluca's probation and executed her previously suspended sentence and denied her Rule 35 motion to reduce her sentence.  Accordingly, the district court's order revoking Deluca's probation and executing her previously suspended sentence and its order denying her Rule 35 motion are affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**

7