# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44860

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 17, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JESUS ESTABAN CASTRO-ANGULO, | ) OPINION AND SHALL NOT |
| aka LUIS CARLOS QUEZADA, | ) BE CITED AS AUTHORITY |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

GRATTON, Chief Judge

Jesus Estaban Castro-Angulo appeals from the judgment of conviction and sentence on two counts of trafficking in methamphetamine. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A narcotics detective from the Ada County Sheriff's Office, acting in his undercover capacity, arranged to buy methamphetamine from Castro-Angulo. While undercover, the detective purchased one-quarter pound of methamphetamine from Castro-Angulo in Twin Falls. Several months later, the detective arranged for another methamphetamine purchase with Castro-Angulo. As part of this second transaction, the detective agreed to purchase two pounds of methamphetamine from Castro-Angulo, and Castro-Angulo agreed to provide additional methamphetamine to the undercover detective on credit. Castro-Angulo drove to the

1

prearranged location in Ada County where law enforcement arrested him. Law enforcement seized two pounds of methamphetamine from the car.

Following the drug investigation, a grand jury indicted Castro-Angulo for trafficking twenty-eight (28) grams or more of methamphetamine, Idaho Code § 37-2732B(a)(4)(A), and for trafficking 400 grams or more of methamphetamine, I.C. § 37-2732B(a)(4)(C). Castro-Angulo's attorney requested unredacted discovery, which the prosecution provided. Castro-Angulo's counsel subsequently requested redacted discovery. In response, the State filed a motion for a protective order allowing Castro-Angulo to access and inspect the materials "only at a *specific time, place and manner* and . . . prohibiting duplication and dissemination of police reports and materials that have already been disclosed/provided" as well as future disclosures. Following a hearing, the court issued an order of protection.

Prior to trial, a motion in limine was filed to exclude evidence of the street value of the methamphetamine. The court denied the motion. At trial, the undercover detective testified that if he were an actual drug dealer and if he had divided the two and one-quarter pounds of methamphetamine into smaller units (e.g., ounces, eighths of an ounce, or sixteenths of an ounce) and then sold the smaller units, the methamphetamine would have sold on the street for more than he had arranged to pay Castro-Angulo for it. Ultimately, the jury found Castro-Angulo guilty on both counts of trafficking.

Prior to sentencing, the prosecutor submitted a proposed order for restitution and judgment. The prosecutor sought restitution for the Ada County Prosecutor's Office in separate amounts of $2,440 and $2,660. The prosecutor also sought $7,076.31 in restitution for law enforcement agencies. At sentencing, defense counsel objected only to the $2,660 portion of the restitution. The court imposed concurrent twenty-year sentences with ten years determinate for each trafficking count and awarded $5,100 in restitution to the Ada Country Prosecutor's Office and $2,300 to law enforcement agencies. Castro-Angulo timely appeals.

## II.

## ANALYSIS

### A. Discovery

Castro-Angulo asserts the district court abused its discretion by preventing him from keeping copies of his discovery. The State, however, asserts that the district court did not abuse its discretion. We agree.

2

Control of discovery is within the trial court's discretion. Therefore, the proper standard for reviewing a trial court's grant of a protective order is abuse of discretion. *See State v. Joy*, 155 Idaho 1, 12, 304 P.3d 276, 287 (2013) (stating that the language of Idaho Criminal Rule 17(b) suggests a district court's decision to grant or deny a motion to quash a subpoena is discretionary and thus is reviewed for abuse of discretion on appeal); *State v. Harbaugh*, 123 Idaho 835, 837, 853 P.2d 580, 582 (1993) (stating that the use of the word "may" in I.C.R. 33 indicates a court's discretion in applying the rule and thus alleged errors are reviewed for an abuse of discretion on appeal). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). It is undisputed that the court correctly perceived the issue as one of discretion. At issue is whether the court acted consistently with applicable legal standards and whether it reached its decision by an exercise of reason.

Castro-Angulo argues the State failed to provide any information, let alone make a sufficient showing as required by I.C.R. 16(l), that any person would be subjected to economic, physical, or other harm or coercion if he had been allowed to keep copies of his discovery. According to Castro-Angulo, instead of requiring the State to meet its burden, the district court decided that he should not be able to keep a copy of his discovery because of his Mexican nationality and his inability to speak English. Therefore, Castro-Angulo contends the court abused its discretion because it acted inconsistently with the applicable legal standards and did not reach its decision through an exercise of reason.

The State argues that the district court did not abuse its discretion by ordering Castro-Angulo to not personally possess, copy, or disseminate the discovery material. According to the State, the court's order only imposes a restriction on post-disclosure use of the police reports to prevent possible harm caused by dissemination of the police reports outside the legitimate needs of the defense. Thus, the State argues the court properly weighed the State's concerns about the possible ramifications of Castro-Angulo personally possessing the discovery materials against the possible benefits Castro-Angulo would receive from having his own copies of the materials. The State also argues that the evidence presented was sufficient for the court to conclude that

Castro-Angulo was associated with a Mexican drug cartel or gang and had the motive and ability to harm those named in the reports, specifically the undercover detective.

The district court did not abuse its discretion by granting the State's motion for a protective order. At the time, I.C.R. 16(l) stated:

> Upon a sufficient showing, after notice and hearing, the court may at any time order that the discovery or inspection be denied, restricted or deferred, or make such other order as is appropriate, including an order denying a request for disclosure of names and addresses of witnesses or others who may be subjected to economic, physical or other harm or coercion.

I.C.R. 16(l) (2016). The State made a sufficient showing for the court to restrict Castro-Angulo's access to the discovery materials. The State was clear that it sought permission to provide copies of the discovery materials only to defense counsel as well as the restrictions on Castro-Angulo's access to the discovery "[i]n order to attempt to protect the undercover officer." For context and to show that discovery misuse does occur, the State referred the court to other instances. The State expressed that its concerns stemmed from the significant quantity of methamphetamine that Castro-Angulo had access to and lost upon seizure by law enforcement as well as Castro-Angulo's own statements connecting him to Sinaloa, Mexico, and a Mexican gang. The State's showing was sufficient for the district court to conclude that Castro-Angulo had a motive and means to retaliate against persons named in the reports. Additionally, the record reveals that the court balanced the State's concerns "with [the] absolute need [of] the defendant to be able to review [the discovery materials] fully and meaningfully" which the court clarified "means it is going to have to be done with the assistance of the interpreter." The court was clear that although it thought there was less need for Castro-Angulo to have a copy of the discovery when it was in a language that he is not familiar with, the court was not granting the protective order on the basis of Castro-Angulo's ability to comprehend or speak the English language. Accordingly, the district court did not abuse its discretion by granting the State's motion and issuing the order of protection.

Castro-Angulo also argues the State cannot show that the verdict rendered in this case was not attributable to the district court precluding Castro-Angulo from keeping a copy of his discovery, and thus the State is unable to show the error is harmless beyond a reasonable doubt. However, the State argues that even if the protective order was granted in error, such error was harmless. According to the State, Castro-Angulo was not prejudiced by the alleged error because the State provided full disclosure of all police reports in discovery, Castro-Angulo's trial counsel

4

acknowledged that he and Castro-Angulo were going "to be able to review [the discovery] fully," and the evidence of Castro-Angulo's guilt is overwhelming.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). "A defendant appealing from an objected-to, non-constitutionally-based error shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt." *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010).

From our review of the record we are convinced beyond a reasonable doubt that any error in the district court's order of protection was harmless and did not contribute to the jury's verdict. The State provided full discovery to defense counsel, and defense counsel acknowledged that he and Castro-Angulo would be able to fully review the discovery materials before trial with the assistance of an interpreter. The restriction imposed was merely a time, place, and manner restriction on Castro-Angulo's inspection of the discovery materials. The restriction did not prevent Castro-Angulo from fully and meaningfully reviewing the discovery, and Castro-Angulo does not assert on appeal that he was unable to do so. The court appropriately noted that Castro-Angulo's limited English meant that the best way to guarantee access for appropriate defense purposes was with counsel and an interpreter, rather than release of the documents to Castro-Angulo. Additionally, the evidence establishing Castro-Angulo's guilt was substantial, and included: recorded communications between the undercover detective and Castro-Angulo; the seized two and one-quarter pounds of methamphetamine; photographs of the delivery of methamphetamine by Castro-Angulo to the detective in Twin Falls; and photographs of the arrest of Castro-Angulo in possession of the two pounds of methamphetamine he had agreed to sell the undercover detective. Thus, any error in restricting Castro-Angulo's inspection of the discovery materials was harmless.

## B.    Relevant Evidence

Castro-Angulo asserts the district court erred by allowing the State to present evidence of the street value of the seized methamphetamine because it was not relevant to any issue for the jury's consideration. The State asserts that the value of the methamphetamine was relevant. We agree.

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence

is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Idaho Rule of Evidence 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

In the motion in limine, Castro-Angulo argued that the undercover detective should not be allowed to testify about the possible street value of the methamphetamine. The district court denied the motion, stating that the testimony was both "highly relevant" and "very probative." Castro-Angulo argues that the street value of methamphetamine that he possessed is not a fact of consequence for determination of his guilt because the drug's street value does not make it more or less probable that he knowingly possessed 400 grams or more of methamphetamine as charged in the indictment. Additionally, Castro-Angulo argues the State is unable to meet its burden of showing that the evidence erroneously admitted was harmless beyond a reasonable doubt.

The State argues that evidence of the value of the methamphetamine before or after Castro-Angulo's link in the distribution chain is relevant because such evidence has a tendency to prove a fact of consequence in the case. The State argues the street value of the methamphetamine has a tendency to prove that the price the undercover detective negotiated with Castro-Angulo was a wholesale price, and that the distribution chain was intended by Castro-Angulo to continue with the "dealer" (a.k.a. the undercover detective). According to the State, this testimony also educates the jury on how methamphetamine is trafficked and establishes the value of the methamphetamine to the traffickers. The State also argues that even if this evidence is irrelevant, the admission of it was harmless beyond a reasonable doubt because evidence of Castro-Angulo's guilt was overwhelming and knowledge of the street level price of the methamphetamine in user amounts and sold at a mark-up does not affect the verdict.

The district court properly permitted the undercover detective to testify at trial concerning the street value of the methamphetamine seized from Castro-Angulo as part of the investigation. Evidence of the price of the methamphetamine being trafficked is inextricably associated with the quantity of methamphetamine being trafficked. The detective's testimony as it relates to both

the wholesale and street values of the methamphetamine has a tendency to make it more probable than it would be without such evidence that Castro-Angulo knew the quantity of the methamphetamine he possessed, that he had negotiated a purchase price with the undercover detective based on the quantity, and that he intended the chain of distribution to continue beyond his sale of the methamphetamine to the undercover detective. Thus, the detective's testimony in this regard is relevant to the ultimate factual determination of whether Castro-Angulo trafficked in methamphetamine.

Moreover, from our review of the record we are convinced beyond a reasonable doubt that even if admitting this testimony was error, the district court's admission of evidence related to the street value of the seized methamphetamine did not contribute to the jury's verdict. As previously discussed, the evidence establishing Castro-Angulo's guilt was extensive. Thus, any error with respect to the relevance of the seized methamphetamine's street value was harmless.

## C.    Restitution

Castro-Angulo asserts the district court abused its discretion by ordering him to pay restitution to the Ada County Prosecutor's Office because that office is not a crime victim. The State asserts that Castro-Angulo's challenge to the restitution award is not preserved for appellate review. We agree.

Idaho Code § 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *Hedger*, 115 Idaho at 600, 768 P.2d at 1333.

Castro-Angulo argues that the district court acted outside the legal boundaries governing restitution to crime victims. According to Castro-Angulo, the Ada County Prosecutor's Office

7

does not meet the definition of a crime victim pursuant to I.C. § 19-5304(1)(e), and therefore the district court had no power to award restitution. The State argues that Castro-Angulo has raised the argument that the prosecutor's office is not a crime victim eligible to seek restitution for the first time on appeal, and thus this argument is not preserved for appellate review. The State also argues the claim was not raised as a claim of fundamental error.

Castro-Angulo did not preserve this crime victim argument for appeal. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Indeed, "[i]ssues not raised below will not be considered by this court on appeal, and the parties will be held to the theory upon which the case was presented to the lower court." *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Castro-Angulo did not argue before the district court that the Ada Country Prosecutor's Office was not a crime victim and thus not eligible to receive the restitution award. To the contrary, Castro-Angulo's counsel conceded that it was "probably reasonable" for the court to order the $2,440 portion of the restitution, and even stated, "I would ask the court to only order the $2440 but not the additional" amount. Castro-Angulo's sole objection below concerned the $2,660 that the State was requesting for the cost of an English-language transcription of Spanish-language interviews. Castro-Angulo based his objection below on the fact that the State did not play the transcriptions to the jury as part of the trial. Castro-Angulo's failure to raise the crime victim theory before the district court is fatal to that argument on appeal.[1]

Alternatively, the court's restitution order was proper under I.C. § 37-2732(k) and therefore the award of restitution did not prejudice Castro-Angulo. Castro-Angulo did not specify below that he was objecting to the award of restitution based on the statute under which restitution was ordered. "Restitution may be ordered by the district court under I.C. § 37-2732(k) once a defendant is convicted of, or pleads guilty to, a crime under Title 37, Chapter 27

---

[1] Castro-Angulo asserts that arguments may "evolve" from how presented in the trial court to presentation on appeal, *citing Ada County Highway District v. Brooke View, Inc.*, 162 Idaho 138, 142 n.2, 395 P.3d 357, 361 n.2 (2017). Castro-Angulo's reading of that case is far too broad. Castro-Angulo objected below only as to transcripts not used at trial. On appeal, the argument is that the prosecutor's office is not a "victim" entitled to any award, even though, below, Castro-Angulo conceded that the prosecutor's office was entitled to some restitution. The argument on appeal cannot be said to be the same argument, just evolved. The argument advanced on appeal is a completely different argument than raised below.

of the Idaho Code." *State v. Gomez*, 153 Idaho 253, 257-58, 281 P.3d 90, 94-95 (2012). Idaho Code § 37-2732(k) provides in part:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to, the Idaho state police, *county and city law enforcement agencies*, the office of the attorney general and *county and city prosecuting attorney offices*. Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and *any other investigative or prosecution expenses actually incurred*, including regular salaries of employees.

(Emphasis added.) Castro-Angulo was convicted of two felonies under Title 37, Chapter 27 of the Idaho Code, and thus the district court was permitted to order restitution to both the law enforcement and the Ada County Prosecuting Attorney's Office pursuant I.C. § 37-2732(k). Accordingly, we affirm the district court's order awarding restitution.

## III.

## CONCLUSION

The district court did not abuse its discretion by granting the State's motion and issuing the order of protection restricting Castro-Angulo's inspection of the discovery materials. The district court did not err by allowing the State to present evidence of the street value of the seized methamphetamine. Castro-Angulo did not preserve the argument that the district court abused its discretion by ordering him to pay restitution to the Ada County Prosecutor's Office because that office is not a crime victim for appeal. Therefore, we affirm the judgment of conviction and sentence.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

9